# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

THE CHILDREN'S CENTER FOR
DEVELOPMENTAL ENRICHMENT,
        Plaintiff,

      v.

KATHI MACHLE, et al.,
        Defendants.

Case No. 2:08-cv-817
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Recovery of Attorney Fees and Reversal of Administrative Rulings (Doc. # 13), Plaintiff's Response to Defendants' Motion to Dismiss (Doc. # 24), Defendants' Reply to Response to Defendants' Motion to Dismiss Amended Complaint (Doc. # 29), Plaintiff's Motion for Leave to File Sur-Response (Doc. # 30), Defendants' Objection to Motion for Leave to File Sur-Response (Doc. # 31), and Plaintiff's Reply to Defendants' Objection to Sur-Response (Doc. # 31). For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to File Sur-Response.

## I. Background

The factual allegations contained in this section are taken from the Amended Complaint. (Doc. # 11.) Defendants Courtland and Michelle Bishop and their minor son C.B. reside in the Worthington, Ohio School District ("Worthington Schools"). Worthington Schools placed C.B. at Oakstone Academy ("Oakstone") after he was identified as a child with disabilities under the

Individuals with Disabilities Education Improvement Act ("IDEIA"),[1] 20 U.S.C. § 1400 *et seq.*
During C.B.'s time at Oakstone, Worthington Schools payed for his tuition.

Plaintiff Children's Center for Developmental Enrichment ("CCDE") is a private, non-profit corporation that is organized under Ohio law for charitable and educational purposes. Oakstone is a name registered by CCDE which describes the portion of CCDE's business that operates a private school.

C.B. attended Oakstone from 2002 until 2005. On April 26, 2005, C.B. was diagnosed with a form of autism, and CCDE prepared an Individualized Education Plan ("IEP") to address his educational needs. Agents of CCDE, Worthington Schools, and C.B.'s parents all signed the IEP Oakstone provided educational services to C.B. pursuant to the IEP until approximately August 25, 2005, when Oakstone expelled C.B. after his mother questioned his classroom assignment.

On May 30, 2006, Plaintiffs Courtland and Michelle Bishop, individually and as next friends of C.B., filed an action in this division of this district ("*Bishop I*"), Case No. 06-cv-404, alleging that, as a result of C.B.'s expulsion from Oakstone, Worthington Schools, the Ohio Department of Education, and CCDE: (1) violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); (2) violated the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"); (3) denied C.B. a free and appropriate public education under the IDEIA and; 4) denied Plaintiffs due process in violation of 42 U.S.C. § 1983 ("Civil Rights Act").

---

[1]In 2004, Congress reauthorized the Individuals with Disabilities Education Act ("IDEA") as the IDEIA. *See* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. Throughout this Opinion and Order, statutory references will be to the IDEIA, except when quoted in opinions as the IDEA.

The Bishops also claimed that Defendants were liable for breach of contract and tortious interference with contract. *Bishop I* was assigned to United States District Judge Algenon L. Marbley.

On March 5, 2007 Judge Marbley granted Defendants' motion to dismiss for failure to exhaust administrative remedies under the IDEIA. Specifically, Judge Marbley held:

> It is well settled that a plaintiff must exhaust administrative remedies before bringing suit to obtain relief that is available under the IDEA. 20 U.S.C. § 1415(l); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). The IDEA specifically provides for a due process hearing and a subsequent appeal at the state agency level. 20 U.S.C. § 1415 (f),(g).
> . . . .
> Moreover, Plaintiff may not avoid the exhaustion requirement of the IDEA by also stating claims under the Rehabilitation Act, A[mericans with] D[isabilities] A[ct], or bringing suit for money damages under 42 U.S.C. § 1983 if the Plaintiff's claims are also actionable under the IDEA. *Cordrey v. Euckert*, 917 F.2d 1460, 1475-76 (6th Cir. 1990); *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) (holding that the plaintiff's "claims under § 504 of Rehabilitation Act and § 1983, both of which sought to ensure free appropriate public education that was also available under IDEA, were both subject to IDEA exhaustion requirement"); *Covington v. Knox Sch. Sys.*, 205 F.3d 912, 916 (6th Cir. 2000).

*Bishop I*, 477 F. Supp.2d 477, 882-83 (S.D. Ohio 2007) (footnote omitted).

After dismissal of *Bishop I*, Plaintiffs filed an administrative Due Process Complaint against Worthington Schools, the Ohio Department of Education, and CCDE. CCDE challenged the sufficiency of the Due Process Complaint. The Complaint, however, was found sufficient on August 27, 2007. CCDE then moved for dismissal of the Complaint for failure to state a claim upon which relief could be granted and for untimely or improper service. On October 16, 2007 the District Level Hearing officer found service adequate, but concluded that the Complaint against CCDE failed to state a claim upon which relief could be granted.

The Bishops requested State Level Review and CCDE then filed its Appeal/Cross Appeal

of the decision denying CCDE's motion to dismiss for failure to provide legally required notice. These actions resulted in two decisions. In the first decision, the State Level Review Officer ("SLRO") denied the Bishops' appeal, affirming the dismissal of CCDE from the due process proceedings by "Final Decision and Entry" dated January 25, 2008. (Exhibit A[2] attached to Doc. # 9.)

In the second decision, issued on March 17, 2008, the SLRO denied CCDE's Appeal/Cross Appeal, noting:

> The dismissal of CCDE as a party based on its status as a private school does seem to render all other issues between these parties arising from the due process hearing moot as there is no case or controversy remaining between the parties and a federal court reviewing this issue may so hold. *For purposes of finality, however, this issue will be reviewed at this state level review*.

(Exhibit B attached to Doc. # 9) (internal citation omitted and emphasis added). The SLRO then went on to review the issue of whether CCDE was appropriately dismissed from the administrative proceedings. It is from this March 17, 2008 Final Decision and Entry that CCDE appeals ("Final Decision and Entry as to CCDE").

---

[2]As a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). A certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001). In addition, the United States Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.* Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner*, 108 F.3d at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001)*; see also Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (if extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment.) Here, the administrative record is referred to in the Amended Complaint and is central to Plaintiff's claims. Thus, the Court will consider it without converting Defendants' motion to one for summary judgment.

On August 8, 2008 the Bishops, individually and on behalf of C.B., filed an action alleging causes of action under the Rehabilitation Act, the Civil Rights Act, and Ohio law, Case No. 08-cv-766 ("*Bishop II*"). *Bishop II* is currently pending before the undersigned judge.

On August 25, 2008 CCDE filed this action for attorney fees and for reversal of certain aspects of the Final Decision and Entry as to CCDE. CCDE named as defendants the Bishops, their counsel from the *Bishop I* and *Bishop II* litigation, and their counsel's law firm. In the instant action, Defendants have moved for dismissal of all of the claims brought against them and Plaintiff has moved for permission to file a sur-response. Both of these motions are ripe for review.

## II. Motion to File Sur-Response

In its motion requesting leave to file a sur-response, CCDE contends that Defendants raised new arguments in their reply, "made fact based arguments rather than recognizing the proper standard of review," and included other matters that are inaccurate or otherwise warrant response. (Doc. # 31 at 2.) In response, Defendants argue that the majority of Plaintiff's Motion for Leave to File Sur-Response "seeks to bolster the arguments originally raised in its Response to the Motion to Dismiss the Amended Complaint and to respond to matters neglected in that Response." *Id.* This Court agrees. However, even if the Court allows the sur-response, its conclusion is unaffected.

Consequently, on the facts before it, the Court will allow CCDE to file its sur-response. The Court accepts Exhibit A to Plaintiff's Motion for Leave to File Sur-Response and has considered it in its review of Defendants' Motion to Dismiss. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Response. (Doc. # 30.)

## III. Motion to Dismiss

**A. Standard**s

Defendants argue that this Court lacks jurisdiction over CCDE's appeal of the Final Decision and Entry as to CCDE because it is untimely. Fed. R. Civ. P. 12(b)(1) provides for dismissal of actions for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing *RMI Titanium v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996)); *see also Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). In this case, Defendants have pointed to no disputed facts that they have called upon the Court to resolve. For this reason, the Court concludes that Defendants have mounted a "facial challenge" to subject matter jurisdiction in this case. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under Rule 12(b)(6) motions to dismiss.

Defendants also argue that CCDE's allegations regarding its entitlement to attorney fees fails to state an actionable claim. Fed. R. Civ. P. 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Under this standard, this Court must construe the Amended Complaint in favor of CCDE, accept the factual allegations contained in the Amended Complaint as true, and determine whether CCDE's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65

6

(2007).³ The claims must "plausible" and not merely "conceivable." *Id.*

B. **Analysis**

Defendants argue that they are entitled dismissal of all CCDE's claims: Count I Attorney Fees from Counsel under the IDEIA, Count II Attorney Fees from Counsel under Ohio Law, Count III Attorney Fees from Counsel under Section 1988, Count IV Attorney Fees from Counsel under the Rehabilitation Act, Count V Attorney Fees from the Bishops under the IDEIA, Count VI Attorney Fees from the Bishops under Ohio Law, Count VII Attorney Fees from the Bishops under the Rehabilitation Act, Count VIII Attorney Fees from the Bishops under Ohio Law, Count IX Attorney Fees from Counsel and the Bishops under the Principles of Equity, Count X Insufficient Administrative Due Process Complaint, Count XI Failure of Service of the Administrative Due Process Complaint by the Bishops, and Count XII Missed Statute of Limitations in the Administrative Due Process Proceedings.

  1. **CCDE's claims brought under the IDEIA**.

Defendants argue that Plaintiff's claims brought under the IDEIA, Counts I, V, X, XI, and

---

³The Court notes that Defendants do not specify the rule under which they seek relief and CCDE argues under a now defunct standard, (*i.e.*, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief). The Sixth Circuit has explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters*, 502 F.3d 454, 548 (6th Cir. 2007).

7

XII, should be dismissed because they were not filed within the time limit set forth in either the IDEIA, 20 U.S. C. § 1415(i)(2)(B), or the Ohio Revised Code § 3323.05. Contrarily, CCDE argues that the Final Decision and Entry as to CCDE was interlocutory rather than final and that CCDE's time to appeal did not begin to run until July 11, 2008 when the SLRO entered a separate Final Decision and Entry. This Court disagrees with CCDE's analysis.

The Final Decision and Entry as to CCDE is titled "In The Matter of the Impartial Due Process Hearing Between: Courtland and Michelle Bishop, Parents of [C.B.], Petitioners and [CCDE] et al., Respondents." The decision specifically states that the issue of whether CCDE would be dismissed as a party would be reviewed by the SLRO "[f]or purposes of finality." Further, the Final Decision and Entry as to CCDE includes the following:

> **NOTICE OF OPPORTUNITY FOR APPEAL AND RIGHTS FOLLOWING THE HEARING**
>
> **Appeal Rights after a State Level Review:** If you are not satisfied with the final order of the state level review officer (SLRO), you may appeal such order within forty five (45) days of receipt of notice of the order to the Court of Common Pleas of the county in which the child's school district of residence is located, under Chapter 119 of the Ohio Revised Code. The notice of appeal must set forth the order being appealed from and the grounds of the appeal. In the event that you do appeal, you must file your Notice of Appeal with the Ohio Department of Education. A copy of your Notice of Appeal must also be filed with the Court of Common Pleas of the county in which the child's school district of residence is located.
> **OR**
> You may file an appeal with the federal district court of competent jurisdiction.

The title and content of the Final Decision and Entry as to CCDE clearly relates to the due process proceedings against CCDE. This, along with the inclusion of a description of the right of appeal, unequivocally indicates that the Final Decision and Entry as to CCDE is a final and appealable order. Moreover, the IDEIA and Ohio law are clear that a decision by the SLRO is

final and appealable.  Section 1415 of the IDEIA provides:

> (g) Appeal
>
> (1) In general
>
> If the hearing required by subsection (f) is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency.
>
> (2) Impartial review and independent decision
>
> The State educational agency shall conduct an impartial review of the findings and decision appealed under paragraph (1).  The officer conducting such review shall make an independent decision upon completion of such review.

20 U.S.C. § 1415(g).

> Section 1415(i)(1)(B) then adds:
>
> (B) Decision made at appeal
>
> A decision made under subsection (g) of this section shall be final, except that any party
> may bring an action under paragraph (2).

20 U.S.C. § 1415(i)(1)B).  The analogous state statute, Ohio Rev. Code § 3323.05(H), also indicates that an order by the SLRO is final.  Finally, Section 1514(i)(2)(A) states:

> (2) Right to bring civil action
>
> (A) In general
>
> Any party aggrieved by the findings and decision made under subsection (f) . . . of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1514(i)(2)(A).

9

With regard to the decision from which CCDE claims it is appealing, *i.e.*, the SLRO's July 11, 2008 Final Decision and Entry, that decision was issued in the due process proceedings between the Bishops and Worthington Schools as shown by the title of the decision: "In The Matter of the Due Process Hearing Between: Courtland and Michelle Bishop, On Behalf of [C.B.] and Worthington City School District." Further, that decision and entry makes clear that "Oakstone is not a party to this state level review." (Exhibit A attached to Doc. # 24.)

Because the Final Decision and Entry as to CCDE was final and appealable, CCDE had 90 days from the date of that decision to bring this action, or if Ohio has an explicit time limitation for bringing such action under the IDEIA, in such time as the State law allows. *See* 20 U.S.C. § 1415(i)(2)(B); *see also* 34 C.F.R. 300.516. Here, the Ohio Revised Code, Section 3323.05(F), does provide a 45-day time limitation for bringing actions under the IDEIA. In *Cleveland Heights-University Heights City School Dist. v. Boss by & Through Boss*, the Sixth Circuit held that Ohio's 45-day rule was the applicable time limit for the filing of an appeal from state level review under IDEIA. 144 F.3d 391, 396-97 (6th Cir. 1998) (the action "was filed in the district court seventy-eight days after the decision was issued, it was indeed untimely").

Here, CCDE filed this action on September 2, 2008, 169 days after the Final Decision and Entry as to CCDE. That is, CCDE failed even to meet the more generous 90 days provided for by 20 U.S.C. § 1415(h)(2)(B). Thus, even when accepting the allegations in the Amended Complaint as true, this Court lacks jurisdiction to hear CCDE's appeal and its request for attorney fees under the IDEIA. *RMI Titanium,* 78 F.3d at 1133-35. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to Counts I, V, X, XI, and XII.

**2. Plaintiff's claims brought under the Rehabilitation Act, the Civil Rights Act, Ohio law, and the principles of equity.**

In this action, CCDE purports to bring causes of action for attorney fees under Ohio law, the Rehabilitation Act, the Civil Rights Act, and the principles of equity. Defendants argue that the statutes and other legal theories, other than IDEIA, cited by CCDE's Amended Complaint do not authorize a separate judicial action for attorney fees.

    **a. Federal law**

Defendants argue that neither the Rehabilitation Act nor the Civil Rights Act authorize a separate judicial action in a different forum for the award of attorney fees. *See* 29 U.S.C. §794a(2)(b); 42 U.S.C. § 1988(b).

While it is true that Defendants were required to exhaust the available IDEIA administrative remedies before they could bring suit under the Rehabilitation Act or the Civil Rights Act, the attorney fees available under these statutes are to be awarded "as part of the costs" by the tribunal that hears a claim. *See* 29 U.S.C. §794a(2)(b) ("In any action or proceeding to enforce or charge a violation of a provision of this title [29 U.S.C. §§ 790 *et seq.*], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney fee as part of the costs."); 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs"). Here, that tribunal was either, the *Bishop I* or the *Bishop II* courts.

    **b. Ohio law and equitable principles**

In the Amended Complaint, Plaintiff does not specify what laws of Ohio under which it moves for attorney fees, only that the Court possesses inherent authority to impose attorney fees, costs, and expenses for bad faith conduct.

In *Ceol v. Zion Indus., Inc.,* 81 Ohio App.3d 286 (Ohio 1992), the circumstances under which attorney fees can be assessed under Ohio law were outlined as follows:

> The general rule in Ohio, subject to statutory enactments, has long been that the prevailing party is not entitled to an award of attorney fees absent a demonstration of bad faith. *State ex rel. Crockett v. Robinson*, 67 Ohio St.2d 363, 369 (Ohio 1981); *State ex rel. Nagy v. Elyria*, 54 Ohio App.3d 101, 103 (Ohio Ct. App. 1988). In response to a frivolous complaint, attorney fees may be sought in accordance with this exception under any one of three possible rationales: the court's inherent powers, Civ. R. 11, and R. C. 2323.51.

*Id.* at 289.

Ohio Rev. Code § 2323.51(B)(1) requires that a party seeking attorney fees for frivolous conduct file a motion with the court within 30 days after the entry of final judgment. Thus, the award of attorney fees is to be determined, upon motion, by the tribunal in which the matter was heard, not in an original action in an alternate forum.

Leaving aside the other dispositive issue of whether the Bishop's actions were frivolous, CCDE's Amended Complaint is not a motion and was not brought within 30 days after the entry of final judgment. Moreover, Ohio Rev.Code "2323.51 (attorney fees as sanction for frivolous conduct) applies only to 'civil actions,' not to administrative hearings." *Tomsu v. Ohio Civ. Rights Comm.*, 116 Ohio Misc.2d 24, 28 (Ct. Cl., 2001) (citing to *State ex rel. Ohio Dept of Health v. Sowald*, 65 Ohio St.3d 338, 343 (Ohio 1992)). Further, Ohio Rev. Code § 2323.51 applies solely to litigation in Ohio state courts. *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 52-53 (Clermont Co. C.P., 2007).

Additionally, attorney fees cannot be awarded to CCDE under Ohio Civil Rule 11. The Rules of Civil Procedure apply to actions "in all courts of this state," not administrative forums. Ohio R. Civ. P. 1. Application for the award of attorney fees under Rule 11 must be made by

motion in the court which considered the matter. Nothing in Rule 11 allows a party to seek attorney fees in a forum other than the trial court.

Finally, CCDE seeks an award of attorney fees, costs, and expenses based upon the "inherent authority" of this Court First, however, the Court notes that Ohio and federal courts follow the "American rule" that parties pay their own attorney fees unless otherwise provided by statute. *State ex rel. Crockett v. Robinson*, 67 Ohio St. 2d 363 (Ohio 1981). In *Alyeska v. Wilderness Society*, 421 U.S. 240 (1975), the Supreme Court noted, at several junctures, that exceptions to the "American Rule" are the province of the legislature, not the courts.

Second, the "inherent authority" to which Plaintiff refers is that power intrinsic to the very nature of a court. It consists of power of the courts to protect their own dockets and the integrity of their own judicial processes. The district court has the "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Nothing in Ohio law, however, extends the inherent authority of a federal court (or a state court, for that matter) to allow the award of attorney fees for the conduct of a state level administrative proceeding. The inherent authority of a court to award attorney fees applies only to those matters originally heard by that court.

### c. Conclusion of attorney fees claims

Even when construing the Amended Complaint in favor of CCDE and accepting the factual allegations contained in it as true, CCDE has failed to present any plausible claims for attorney fees. *See Twombly*, 127 S. Ct. at 1964-65. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to Counts II, III, IV, VI, VII, VIII, and IX.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to File Sur-Response (Doc. # 30) and **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Recovery of Attorney Fees and Reversal of Administrative Rulings (Doc. # 13). The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**